# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TRIPLE CROWN CONSULTING, LLC, | § | |
| | § | |
| V. | § | A-17-CV-695-SS |
| | § | |
| PINISETTI CONSULTING, LLC, and | § | |
| PARTHA PINISETTI | § | |

## ORDER

Before the Court are Plaintiff's Motion to Compel the Production of Documents Pursuant to Subpoena Duces Tecum (Dkt. No. 27); and Defendants' Response (Dkt. No. 30). Judge Sam Sparks referred the motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. Background

This is a breach of contract case. Triple Crown is a placement firm that locates and places high-end engineers in skilled technical consulting positions with various high-tech companies. Partha Pinisetti is an engineer. Pinisetti Consulting, LLC, is a single member California Limited Liability company owned and controlled by Partha Pinisetti as its single member. Triple Crown and Cavium were parties to a contract through which Triple Crown provided consultants to Cavium. Triple Crown claims it also had an oral agreement with Pinisetti that allowed Triple Crown to submit his resume for appropriate positions. In March 2017, Cavium requested that Triple Crown provide it with a consulting engineer. Triple Crown arranged for Pinisetti to interview with Cavium for this position. Pinisetti attended the interview, and Cavium selected Pinisetti for the open position.

Pinisetti also interviewed for a placement requested by another Triple Crown client, Synaptics. Triple Crown arranged for Pinisetti to interview with Synaptics on March 14, 2017. Synaptics selected Pinisetti for the placement, Triple Trown negotiated a contract, and on March 16,

2017, Pinisetti signed an agreement with Triple Crown to provide his services to Synaptics. The agreement contained a provision for termination of the contract. Triple Crown asserts that Pinisetti did not properly comply with the termination provisions of the contract. Pinisetti asserts that the Synaptics Contract was terminable at will. After Pinisetti and Triple Crown signed the Synaptics Contract, Pinisetti ceased communicating with Triple Crown, and did not go to work for Synaptics. Instead, Pinisetti began working for Cavium, through a consulting services agreement with another placement firm, Innologic.

Triple Crown then brought this lawsuit, alleging claims of: (1) breach of contract for Pinisetti's alleged breach of the Synaptics Contract; (2) breach of contract for Pinisetti's breach of his oral agreement with Triple Crown to provide services as a consultant; (3) quantum meruit; (4) unjust enrichment; and (5) tortious interference with an existing contract. With regard to the breach of contract claims, Triple Crown requests the placement fee it did not receive because Pinisetti breached the contract. Triple Crown also asserts it is entitled to the value of the services it provided Pinisetti and other damages resulting from Pinisetti's actions, including exemplary damages. Triple Crown also alleges that Pinisetti Consulting, LLC is the alter ego of Partha Pinisetti.

## II. Discovery Dispute

On November 25, 2017, Plaintiff Triple Crown served Pinisetti and Pinisetti Consulting with a Notice of Deposition and Subpoena Duces Tecum for December 19, 2017. The parties agreed to reschedule the depositions for January 26, 2018. On December 15, 2017, Defendants filed objections to Requests 10 and 11 in both subpoenas, which requested the production of bank statements and other documents related to any compensation for Pinisetti's employment with Cavium, and tax returns for 2015, and 2016. Defendants objected that the requested information was private, confidential information, and not relevant to Triple Crown's claims or Defendants' defenses. Triple

Crown asks the Court to compel production of these documents, asserting they are relevant to its damages and alter ego claims. Additionally, Triple Crown requests the Court to set a deposition date, since Triple Crown canceled the deposition of both Defendants in light of their objections.

### III. Analysis

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). A party opposing discovery on the basis that it is overbroad and unduly burdensome bears the burden of showing why discovery should be denied. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). The Court has broad discretion when determining whether to issue a protective order and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Triple Crown requests that the Court compel discovery of two categories of documents: Defendants' bank statements, and Defendants' income tax returns. Triple Crown argues that the bank statements and income tax returns are relevant to its claim that Pinisetti Consulting, LLC, was the alter ego of Partha Pinisetti, its sole member. Additionally, Triple Crown asserts that it needs the

3

requested discovery to ascertain its damages, as it will show the compensation the Defendants received from the Cavium job and the amount Cavium paid to the placement company.

Defendants respond that Pinisetti Consulting, LLC, produced invoices showing the amount it billed Innologic for the work performed at Cavium. Additionally, Defendants assert that Request No. 10 relates only to Triple Crown's breach of oral contract claim against Partha Pinisetti individually, and is inapplicable to any alter ego theory and thus irrelevant and unduly burdensome. RFP 10 seeks:

> all documents concerning or evidencing your compensation for work performed on behalf of Cavium [including] all pay stubs, copies of paychecks, confirmations of direct deposits, Form 1099's, W9's and/or bank statements for any accounts to which your funds from Cavium were deposited.

The Court agrees with Defendants that this request is overly broad and seeks information that is not relevant to the case. The requests involving Defendants' placement at Cavium are irrelevant to Plaintiff's alter ego contentions and its damages claims. As noted, the Defendants have already produced documents showing what they billed for the Cavium work. Indeed, the parties that have the best evidence of what Triple Crown seeks—the amount of the placement fee Cavium paid Innologic for Pinisetti's services—are Cavium and Innologic, not Defendants. Defendants have already disclosed the amount billed to Innologic for Pinisetti's work with Cavium, and duplicative discovery on this issue is unnecessary.

RFP 11 requests all state and federal income tax returns filed by both Defendants in 2015 and 2016. Defendants contend that this information is also irrelevant and unduly burdensome, as well as privileged. The Court agrees. Triple Crown has failed to demonstrate how the tax returns of the two Defendants would be likely to lead to the discovery of evidence supporting their alter ego theory, and fails to show an otherwise compelling need for the returns.

4

Lastly, Triple Crown requests the Court to set dates for the canceled depositions of Pinisetti Consulting, LLC, and Partha Pinisetti. The Court declines to become the parties' scheduler. Defendants have shown a willingness to reschedule the depositions at a mutually agreed upon date, and there is no reason for the Court to be the one to set the date for the deposition. Counsel for the parties are ordered to confer and work this issue out directly.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel the Production of Documents Pursuant to Subpoena Duces Tecum (Dkt. No. 27) is DENIED.

SIGNED this 20th of March, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE